# Exhibit A

U.S. DEPARTMENT OF LABOR          Office of Workers' Compensation Programs
                                  Division of Coal Mine Workers' Compensation
                                  Washington, DC 20210



# BLBA BULLETIN NO. 16-01

Issue Date:   November 12, 2015

Expiration Date: Indefinite

**Subject:** Patriot Coal Corporation Bankruptcy.

**Background:** On May 12, 2015, Patriot Coal Corporation and its subsidiaries filed for bankruptcy protection under Chapter 11. On October 9, 2015, Patriot received approval from the Bankruptcy Court to complete the sale of all its coal-mining operations. Patriot sold those operations to Blackhawk Mining and ERP Compliant Fuel, LLC (an affiliate of the Virginia Conservation Legacy Fund). Neither Blackhawk nor ERP is liable for federal black lung liabilities, except for those miners who continue to work for these companies after the sale.

Patriot was authorized to self-insure its federal black lung liabilities as well as the liabilities of its subsidiaries in the States of KY, WV, IL, IN, MO and PA. Some of Patriot's liabilities, however, are covered by commercial insurance policies. The Division of Coal Mine Workers' Compensation (DCMWC) has been notified that Patriot will no longer administer, defend, or pay claims after October 31, 2015.

**Applicability:** Appropriate DCMWC Personnel

**Purpose:** To provide guidance for district office staff in adjudicating claims in which the miner's last coal-mine employment of at least one year was with one of the 50 subsidiary companies that have been affected by the Patriot Coal Corporation bankruptcy.

**Action:**

**1. Ensure no interruption of benefits for claims currently in approved/accepted status.**

For claims in approved/accepted status, claims examiners (CEs) will immediately place these claims into the Federal Black Lung Disability Trust Fund (BLDTF) by completing a Form CM-1261. CEs will mail letters to the affected beneficiaries advising them that the DCMWC will be the new payer for their Federal Black Lung benefits and that there will be no interruption in the processing and handling of said benefits. Once claims are placed into Trust Fund pay status, the bill pay vendor (ACS) will issue medical cards and Black Lung Medical Benefits Question and Answer booklets to the miners within 7 to 10 business days.

2. **Coordinate efforts with Regional Solicitors to handle claims pending at the Office of Administrative Law Judges.**

With respect to claims pending before the Office of Administrative Law Judges, the Regional Solicitors will review the claim and take appropriate action after Patriot's attorneys formally withdraw their appearances. The Regional Solicitor's Office will work with the Claims Support Section to determine whether cases at the OALJ level should (1) be remanded to the District Director (DD) for Trust Fund payment, or (2) continue to be defended in litigation.

3. **Procedures for handling newly filed claims.**

For claims that are filed subsequent to the issuance of this Bulletin or that were filed prior to issuance but for which a Notice of Claim has not been issued staff will do the following:

a. **Review claim and identify commercial coverage where applicable and submit NOCs to carriers.** Several of Patriot's subsidiaries have valid commercial insurance coverage for limited periods issued by New Hampshire Insurance Company/Chartis, National Union, Employers Insurance of Wausau/Liberty Mutual Insurance Company, WV CWP Fund, or BrickStreet Mutual Insurance Company. A list of the relevant commercial insurance policies will be provided under separate cover titled Patriot Coal Subsidiary Companies.

For newly filed claims pending before district directors, it is imperative that staff check the subsidiary companies to determine whether commercial insurers can be identified as liable. If a commercial carrier is identified, send notices of claim to the insurance carrier, identifying the Patriot subsidiary as the responsible operator with the relevant valid insurance policy number.

b. **Determine whether the claim is covered by either Peabody Energy's self-insurance or a Peabody commercial insurance policy.** There are thirteen (13) subsidiary companies that were, at one time, under the self-insurance authority of Peabody Energy Corporation (NR261). Some of these subsidiaries were also covered, for a time, by commercial insurance policies. The thirteen Patriot subsidiary companies are:

1. Black Stallion Coal Co. LLC
2. Colony Bay Coal
3. Dodge Hill Mining
4. Eastern Associated Coal
5. Grand Eagle Mining
6. Heritage Coal
7. Highland Mining
8. Hillside Mining
9. Mountain View Coal
10. Patriot Coal Corp. (for last CME dates prior to 10/31/2007)
11. Pine Ridge Coal
12. Rivers Edge Mining
13. Squaw Creek Mining

If commercial coverage can be identified, submit a notice of claim (naming the relevant subsidiary as the responsible operator and identifying the relevant policy number) to the appropriate commercial carrier.

If no commercial insurance coverage can be identified, and the miner's employment falls within Peabody Energy Corporation's (NR261) self-insurance timeframe (this generally requires that the miner last worked for the subsidiary before October 31, 2007), send notices of claim to:

[Name of Subsidiary Company]
c/o Underwriters Safety & Claims
P.O. Box 23640
Louisville, KY 40223

2

Self-insured through Peabody Energy Corporation
c/o Underwriters Safety and Claims
P.O. Box 23640
Louisville, KY 40223

c. **Determine whether the claim is covered by Arch Coal's self-insurance or an Arch Coal commercial insurance policy.** There are three Patriot subsidiaries that were, at one time, under the self-insurance authority of Arch Coal, Inc. (NR 106). Some of these subsidiaries were also covered, for a time, by commercial insurance policies:

1. Apogee Coal (which also did business as Arch of West Virginia; Arch of Illinois; Arch of Kentucky, Arch of Alabama; and Arch on the Green);

2. Catenary Coal (which also did business as Mountain Edge Mining);

3. Hobet Mining (which also did business as Old Hickory Division; Sharples Coal Corp.; Zapata Coal Corp.; and Dal-Tex Coal Corp.).

If commercial coverage can be identified, send a notice of claim (naming the relevant subsidiary as the responsible operator and identifying the relevant policy number) to the appropriate carrier.

If no commercial insurance can be identified, and the miner's employment falls within a period of Arch Coal's self-insurance (this generally requires that the miner last worked for the subsidiary before January 1, 2006), send notices of claim as follows depending on the state:

West Virginia:

[Name of Subsidiary Company]
c/o HealthSmart Casualty Claims,
P.O. Box 3389
Charleston, WV 25333

Self-insured through Arch Coal, Inc.,
c/o HealthSmart Casualty Claims,
P.O. Box 3389
Charleston, WV 25333

Kentucky, Virginia, and Illinois:

[Name of Subsidiary Company]
c/o Underwriters Safety & Claims
P.O. Box 23640
Louisville, KY 40223

Self-insured through Arch Coal, Inc.,
c/o Underwriters Safety & Claims
P.O. Box 23640
Louisville, KY 40223

d. **Preserve data in CAPS.** In order to preserve the Claims and Payment System (CAPS) record of claims and the relationships to their insurers, the insurer's codes (NR261 for Peabody Coal; NR316 for Patriot Coal; NR106 for Arch Coal) must continue to be utilized and maintained when processing claims on the Claim Master Screen.

e. **Do not request 725.495(d) statements.** If no coverage can be identified that aligns with NR261 (Peabody Coal), NR316 (Patriot Coal), or NR106 (Arch Coal), there is no need to request an uninsured statement from the RO Section; convert such claims to the BLDTF.

f. **If there is no coverage except Patriot's self-insurance.** With respect to new claims in which the subsidiary companies were never covered by either commercial insurance or the self-insurance authorization of Peabody Coal (NR261) or Arch Coal (NR106), there is no need to issue a notice of claim; transfer such claims directly to the BLDTF for claims processing.

### 4. Procedures for handling claims pending before the District Director

For cases pending before district directors, in which a NOC, SSAE, or PDO has been issued, but the PDO is not yet final, wherein Patriot Coal's attorneys have formally withdrawn their appearances from the claims, follow steps 3 (a) through (f) as outlined above. If Patriot's attorneys have not withdrawn their appearances from the claim, staff must contact the attorney and request a formal notice of withdrawal.

For pending claims that are not covered by either commercial insurance or by Peabody's or Arch's self-insurance authorization, and are therefore converted to BLDTF claims, follow these procedures:

a. If the responsible operator (RO) did not submit medical evidence, process the claims as you would any other Trust Fund claims.

b. If the RO submitted medical evidence, it should be considered by the DD if it complies with the limitation of evidence stipulated in 20 CFR 725.414; that evidence, along with examination reports from the DCMWC physician and any claimant evidence should be considered, and a PDO issued on the basis of all that information.

  i. If the RO submitted medical evidence <u>and</u> the claim meets the criteria outlined in DCMWC Bulletin 14-05, CEs should process claims accordingly (unless those procedures have already been applied). That is, if the case files contain evidence that could result in a finding of 15 years or more of qualifying employment and otherwise meets the criteria for the pilot program, then obtain supplemental reports from the DCMWC examining physician. Once those supplemental reports are received, consider them along with all other evidence in the records before issuing PDOs.

**Disposition:** Retain this Bulletin until further notice, or its incorporation into the Black Lung Library.

Michael A. Chance
Director, Division of Coal Mine Workers' Compensation

Distribution: All DCMWC staff